*479 OPINION.
McMahon :
The question here presented is whether the petitioner is entitled to deduct from gross income of 1924 the amount of a loss sustained upon the sale of certain residential property in Milwaukee. Section 214 of the Revenue Act of 1924 provides in part:
Sec. 214. (a) In computing net income there shall be allowed as deductions:
* * * * * * *
(5) Losses sustained during the taxable year, and not compensated for by insurance or otherwise, if incurred in any transaction entered into for profit, though not connected with the trade or business; * * *
In Henry J. Gordon, 12 B. T. A. 1191, we stated:
A review of the cases bearing upon this question reveals to us that where a taxpayer acquires property with the intention of selling it at a profit, even though he may have resided thereon, if the predominating factor in its selection was the prospect of future profits, he is entitled to any loss sustained upon the sale thereof. See Helen Converse Thorpe, 3 B. T. A. 1006; Henry DeFord, 7 B. T. A. 630; Sidney W. Sinsheimer, 7 B. T. A. 1099; Walter J. Ball et al., Executors, 8 B. T. A. 180; and John N. Hughes, 8 B. T. A. 206.
To the same effect are John N. Hughes, 8 B. T. A. 206, and W. W. Holloway, Administrator, 19 B. T. A. 378.
In the instant proceeding we are satisfied from the evidence that the predominating factor in the petitioner’s purchase of the property in question was the prospect of profit. At the time of such purchase petitioner and her husband had definitely made up their minds to change their permanent residence from the City of Milwaukee to the Waukesha County Lake region. The property in question was represented to petitioner as being a very good bargain and she expected to make a profit from the transaction. In purchasing this property it was not her purpose, primarily, to use it as her residence. Petitioner only occupied the property during a short period each *480 year, and for six months during 1922 she rented the property to C. H. Jackson.
The cases cited by respondent are not governing. In those cases the residential property purchased was not primarily, for the purpose of pecuniary profit. We hold that the petitioner is entitled to a deduction of $12,881.70, which is the difference between the purchase price and the selling price of the property.
The respondent contends that in computing the deductible loss to which the petitioner is entitled there must be taken into account the depreciation sustained upon the property during the time it was owned by the petitioner. However, we have held in Deposit Trust & Savings Bank, Executor, 11 B. T. A. 706, and J. A. Talbot, 23 B. T. A. 792, that in determining the gain or loss from the sale of property the basis should not be reduced by depreciation where the taxpayer was not privileged, under the statute, to take depreciation deductions thereon in computing net income during the time the property was held by the taxpayer.
During the years that petitioner owned this property the only provision of the revenue acts allowing deductions for depreciation was section 214 (a) (8) of the Revenue Acts of 1918, 1921 and 1924, which allowed the deduction of “ a reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence * * It is our opinion that the petitioner during the years which she held this property would not have been entitled to take depreciation deductions upon the property in question, for the reason that such property was not property used in a “ trade or business.” From the evidence it appears that the purchase in question was an isolated transaction. J. A. Talbot, supra. Consequently, in computing the loss which petitioner is entitled to deduct on account of the sale of the property in question the basis is not to be reduced by depreciation.

.Judgment will be entered under Bule 50.